ORDERED.

**Dated: September 02, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | |
| Diego Handel, | Case No. 6:26-bk-02512-LVV<br>Chapter 7 |
| Debtor. | |

# MEMORANDUM OPINION

At issue is whether Ssquare Storage LLC ("Ssquare Storage") should be sanctioned for violating the automatic stay by continuing with the foreclosure of non-exempt real property Debtor claims an interest, and whether Debtor may now convert this chapter 7 case to subchapter V of chapter 11 even though Debtor has not complied with orders of this Court or the Bankruptcy Code. Having considered the record of this case and the related state court action, argument of Debtor and counsel for Ssquare Storage, the Court denies the Debtor's various requests for sanctions, conversion to subchapter V of chapter 11, and dismisses this case with a 180-day injunction for the reasons stated below.

## Factual Background

The relevant facts are undisputed. Debtor claims an interest in real property located at 444 South Beach Street, Daytona Beach, FL ("Property"), which Debtor asserts is his residence and a

former bed and breakfast.[1] In 2024, Ssquare Storage filed a complaint in the Circuit Court for Volusia County, Florida seeking to foreclose a mortgage on the Property ("Foreclosure Action").[2] Phiesta, LLC ("Phiesta") owned the Property when the Foreclosure Action was filed. During the Foreclosure Action, Debtor filed a notice attaching a deed purporting to transfer the Property from Phiesta to Debtor, which Debtor signed as "Sole Managing Member PHIESTA, LLC" on September 26, 2025.[3] Ssquare Storage then dropped Debtor as defendant in the Foreclosure Action.[4] On January 20, 2026, the Florida state court entered an Amended Order Final Judgment of Foreclosure determining Phiesta owed Ssquare Storage over $1.2 million plus interest and if the amounts owed were not paid, the Property would be sold on March 6, 2026. At the request of Ssquare Storage, the foreclosure sale was rescheduled to April 10, 2026 at 11:00 a.m.[5]

On April 9, 2026, Debtor filed this chapter 7 bankruptcy case.[6] Richard B. Webber is the chapter 7 trustee ("Trustee"). This is Debtor's second chapter 7 case this year, the Court having dismissed Debtor's prior case for failing to file required bankruptcy papers.[7] Debtor did not file the required bankruptcy papers in this case either, but did file motions requesting the Court set aside the foreclosure sale of the Property that had occurred on April 10, 2026 and sanction Ssquare Storage for violating the automatic stay (collectively "Motions for Sanctions").[8] Because Debtor had not filed required bankruptcy papers, the Court dismissed this case on April 28, 2026.[9] The

[1] Doc. Nos. 1 and 16, Schedule A/B.
[2] *SSQUARE STORAGE, LLC v. PHIESTA, LLC, et.al.,* Case No. 2024-11222-CICI (Fla. 7th Cir. Ct. filed Apr. 8, 2024).
[3] Foreclosure Action at Doc. No. 115; *See also* Doc. No. 32.
[4] Foreclosure Action at Doc. No. 139.
[5] Foreclosure Action at Doc. Nos. 148 and 149.
[6] Doc. No. 1.
[7] On March 6, 2026, Debtor filed his first chapter 7 bankruptcy case. *In re Handel*, Case No. 6:26-bk-01568-LVV (Bankr. M.D. Fla. filed March 6, 2026). Because Debtor did not file the required bankruptcy papers, the Court dismissed the bankruptcy case on April 6, 2026.
[8] Doc. Nos. 11 and 12. Debtor filed the Motions for Sanctions on April 27, 2026.
[9] Doc. No. 13.

next day, the Clerk of the Volusia County Circuit Court issued a Certificate of Title to Ssquare Storage.[10] Ssquare Storage then requested possession of the Property.[11]

Shortly after dismissal, Debtor filed bankruptcy papers and requested reconsideration of the order dismissing this case.[12] On May 13, 2026, the Court entered an order that granted reconsideration, reinstated the case, rescheduled the meeting of creditors for June 18, 2026 and directed Debtor to pay the $338 filing fee by August 7, 2026 ("Reconsideration Order").[13] A hearing on the Motions for Sanctions was also scheduled for May 26, 2026.

At the hearing on May 26, 2026, Debtor argued that he had an interest in the Property and Ssquare Storage violated the automatic stay by proceeding with foreclosure of the Property. Ssquare Storage argued that the automatic stay had recently terminated and before it terminated, Square Storage had not violated the automatic stay because Debtor was not a party to the Foreclosure Action. After considering the pleadings, argument of the Debtor and counsel for Ssquare Storage, the Court provided the parties an opportunity to supplement the bankruptcy record to support their respective arguments. Debtor filed supplemental authorities or papers on June 1, 2026, June 9, 2026 and June 12, 2026.[14] Ssquare Storage filed its memorandum on June 8, 2026.[15]

While this matter has been under advisement, Debtor did not attend the required meeting of creditors scheduled for June 18, 2026 (which is held by video via Zoom) and did not pay the $338 filing fee by August 8, 2026. Trustee requested dismissal of this case for failing to appear for the meeting of creditors.[16] After Trustee filed the motion to dismiss, Debtor responded that he has

---

[10] Foreclosure Action at Doc. No. 171.
[11] Foreclosure Action at Doc. No. 173. Ssquare Storage filed the motion for writ of possession on May 4, 2026.
[12] Doc. Nos. 15, 16, and 19.
[13] Doc. No. 23.
[14] Doc. Nos. 29, 32, and 34.
[15] Doc. No. 30.
[16] Doc. No. 38.

been ill for over a month, hospitalized twice, and could not attend the meeting.[17] With a motion to dismiss pending by the Trustee, and having failed to remedy these deficiencies, Debtor now requests conversion of this chapter 7 case to subchapter V of chapter 11.[18] Debtor also filed another supplement to the Motions for Sanctions which requests punitive damages against Ssquare Storage for its continued prosecution of the Foreclosure Action.[19]

## **Discussion**

Bankruptcy allows honest and unfortunate debtors a fresh start by relieving them from prepetition debt. *See Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *St. Laurent v. Ambrose, (In re St. Laurent)*, 991 F.2d 672, 680 (11th Cir. 1993). The automatic stay provides these honest debtors breathing room during the process. To receive this fresh start and other benefits bankruptcy provides, a debtor must first play by the rules. A debtor who does not follow the rules or does not take them seriously should not benefit from the various protections afforded by the Bankruptcy Code.[20]

### Debtor's Lack of Good Faith

A debtor requesting relief under any chapter of the Bankruptcy Code must do so in good faith. *In re JWB Overland LLC*, 656 B.R. 518, 521 (Bankr. M.D. Fla. 2024) (citing *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991)). "Good faith requires, at a minimum, that the debtor have honest intentions." *In re Ripley & Hill, P.A.*, 176 B.R. 596, 598 (Bankr. M.D. Fla. 1994); *see also In re McDaniel*, 363 B.R. 239, 244 (M.D. Fla. 2007). A debtor who lacks good faith, or conversely, exhibits bad faith, may have their case dismissed. *See In re Piazz*a, 719 F.3d 1253 (11th Cir. 2013)(bankruptcy case may be dismissed for prepetition bad faith).

---

[17] Doc. No. 40.
[18] Doc. No. 41.
[19] Doc. No. 36.
[20] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et seq*.

Section 707(a) of the Bankruptcy Code allows a court to dismiss a case for cause, including bad faith. *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013). Determining whether bad faith exists is fact-intensive, with no strict formula, "subject to judicial discretion under the circumstances of each case." *Piazza*, 719 F.3d at 1271(quoting *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984)). A totality-of-the-circumstances approach is applied, with the court looking for "atypical" conduct falling short of the "honest and forthright invocation of the Bankruptcy Code's protections." *Piazza,* 719 F.3d at 1271 (internal citations omitted). Ultimately, bad faith is shown by "the debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code." *Piazza,* 719 F.3d at 1272 (quoting *McDow v. Smith,* 295 B.R. 69, 74 (E.D. Va. 2003)).

The record is clear that Debtor filed this case in bad faith. The Court dismissed Debtor's prior chapter 7 case for failing to file the required bankruptcy papers consisting of schedules, statements and other papers. Debtor filed this case three days after dismissal of the prior case and again did not file any of the required papers. Only after the Court dismissed this case for the same reason did Debtor file the required papers. The papers Debtor filed, however, provide minimal information and are clearly lacking. For example, Debtor listed assets consisting of the Property valued at $2 million, real property in Ormond Beach, Florida, valued at $650,000, a vehicle valued at $1,000, "furniture" valued at $250, cell phones valued at $100, "some antiques" valued at an illegible amount and clothes valued at $350. No other assets were listed. Debtor listed monthly income of $2,780 consisting of social security and expenses that appear to exceed $3,000. Debtor listed one single creditor in all his papers—Ssquare Storage. Debtor claimed no exemptions. Overall, the bankruptcy papers consist of blanks, "N/A" or illegible writings.

Although the Court provided Debtor with another chance to avail himself of the bankruptcy process despite such lacking papers, the Reconsideration Order clearly directed Debtor to attend the meeting of creditors for June 18, 2026 and directed Debtor to pay the $338 filing fee by August 7, 2026. Debtor did not attend the meeting of creditors.[21] Debtor did not pay the filing fee for this case. As such, Debtor did not fully comply with the Reconsideration Order. Nor has Debtor filed the required certification for the financial management course.[22] Instead, Debtor now requests conversion of this case to subchapter V of chapter 11. Such conversion would be futile.[23]

All of these actions, or inactions—multiple bankruptcy filings, failing to file required bankruptcy papers in both cases, failing to attend the meeting of creditors, failing to pay the bankruptcy filing fee, filing schedules, statements and other papers haphazardly, disclosing no creditors except for Ssquare Storage, seeking sanctions against Ssquare Storage while not complying with the Bankruptcy Code or Court orders, failing to file the certification for the financial management course, requesting conversion when futile, along with Debtor's transfer of the Property to himself during the Foreclosure Action—taken together demonstrate a clear attempt to misuse or abuse the provisions, purpose, or spirit of the Bankruptcy Code. Debtor filed this case solely to hinder and delay Ssquare Storage from foreclosing on the Property. Debtor did not come to this Court with the honest intention of obtaining a fresh start or for a proper purpose. It is clear

---

[21] During the period Debtor asserts he was ill, Debtor was able to file papers at the courthouse via the Clerk's intake window and dropbox. *See* Doc. Nos. 34, 36, 37. None of these papers assert that he was ill or could not attend the meeting of creditors as ordered. The Court gives little weight to Debtor's alleged inability to attend the meeting of creditors given his ability to file other papers during this time, the meeting occurs by video, and the timing of his response—over a month after missing the meeting and only in response to Trustee's request for dismissal of this case.

[22] Doc. No. 35.

[23] Conversion of a chapter 7 case to chapter 11 is not allowed where "cause" under § 1112(b) exists to convert the chapter 11 case to chapter 7 or dismissal altogether. *In re Gedda*, Case No. 6:13-bk-02238-KSJ, 2015 WL 1396605 at *3, (Bankr. M.D. Fla. Mar. 24, 2015). Cause under § 1112(b) clearly exists in this case as Debtor (i) failed to comply with an order of the court—the Reconsideration Order, (ii) Debtor failed to pay filing fees required under chapter 123 of title 28, and (iii) Debtor failed to attend the meeting of creditors without good cause shown.

that this case should be dismissed for cause as Debtor filed and proceeded with this case in bad faith and has not paid the fee required under chapter 123 of title 28.

Under §§ 105(a) and 349(a) of the Bankruptcy Code, courts may dismiss a case and bar the debtor from future bankruptcy filings when "cause" exists. *In re Zalloum*, No. 6:17-bk-02329-KSJ, 2019 WL 2754660, *8 (Bankr. M.D. Fla. 2019); *In re Graffy*, 216 B.R. 888, 891-92 (Bankr. M.D. Fla. 1998). Courts have found that cause exists "when debtors with serial bankruptcy filings file a case in bad faith." *Zalloum,* 2019 WL 2754660 at *8. The record is clear that Debtor has filed multiple bankruptcy cases and filed this case in bad faith. The Court gave the Debtor three chances to demonstrate his good faith and obtain a fresh start—his first case, this case, and the reinstatement of this case after dismissal. Debtor failed to do so and has acted in bad faith as discussed. The Court will not allow Debtor to further frustrate Ssquare Storage with multiple bankruptcy filings. Accordingly, the Court will deny conversion of this case to subchapter V of chapter 11 as futile and in bad faith, will dismiss this case and impose an injunction barring the Debtor from future filings for 180- days.[24]

Automatic Stay

Although the Court is dismissing this case with an 180-day injunction, the Court will address the automatic stay, its effect on the Foreclosure Action and Debtor's requests for sanctions. Filing a petition under the Bankruptcy Code imposes, with certain exceptions, an automatic stay of various acts which attempt to enforce prepetition claims or interfere with property of the estate or the debtor. 11 U.S.C. § 362; *In re Jacks*, 642 F.3d 1323, 1328 (11th Cir. 2011). The Eleventh Circuit has characterized the automatic stay of § 362 as "essentially a court-ordered injunction, [and] any person or entity who violates the stay may be found in contempt of court." *Jove*

[24] In conjunction with § 105(a), a bankruptcy court may *sua sponte* dismiss a case for cause. E.g., *In re A-1 Specialty Gasolines, Inc.*, 238 B.R. 876, 878-879 (Bankr. S.D. Fla. 1999).

*Engineering, Inc. v. I.R.S.*, 92 F.3d 1539,1546 (11th Cir. 1996) (citation omitted). The automatic stay remains in effect until the case is closed, dismissed or until the time a discharge is granted or denied. *See* 11 U.S.C. § 362(c). "Actions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citing *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)).

For debtors with a prior bankruptcy case dismissed within a year, however, the duration of the automatic stay is limited. Section 362(c)(3)(A) provides that an individual debtor in a chapter 7, 11, or 13 case who had a previous case dismissed within one year prior to filing, "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." The court may extend the automatic stay upon motion "after notice and a hearing completed before the expiration of the 30-day period" if the party seeking the extension "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). Because Debtor had a prior bankruptcy case dismissed within one year prior to filing this case, the automatic stay terminated on the 30th day after filing. Debtor did not seek to extend the automatic stay during the 30-day period.[25] Under §362(c)(3)(A), the automatic stay terminated in this case on May 11, 2026. Accordingly, the Court only considers Debtor's request for sanctions for actions, if any, taken by Ssquare Storage when the automatic stay was in effect—April 9, 2026 through May 10, 2026 (the "Stay Period").

Individuals injured by any willful violation of the stay provided by § 362 shall recover actual damages, including attorney fees and costs and when appropriate, punitive damages. 11 U.S.C. § 362(k). A "willful" stay violation occurs when the violator knew the automatic stay was

[25] Debtor filed a motion to extend the automatic stay on June 9, 2026, a month *after* the automatic stay had terminated. Doc. No. 31.

invoked and intended the actions which violated the stay. *Jove,* 92 F.3d at 1555 (11th Cir. 1996). The violator's specific intent to violate the automatic stay is not required. *Id*. Individuals seeking damages for stay violations have the burden of proof to establish that the wrongdoer violated the automatic stay and the violation was willful. *In re Rivera*, Case No. 6:09-bk-00340-ABB, 2009 WL 3735834, *2 (Bankr. M.D. Fla. Nov. 5, 2009).

During the Stay Period, Ssquare Storage proceeded with the Foreclosure Action which included the clerk issuing a certificate of sale and title to the Property and Ssquare Storage filing a motion for writ of possession. Debtor, however, had been dropped as a defending party to the Foreclosure Action. Ssquare Storage had only proceeded against Phiesta and other non-debtor defendants during the Stay Period. Section 362(a) protects the debtor, property of the debtor and property of the estate. *In re Siskin*, 231 B.R. 514, 519 (Bankr. E.D. N.Y 1999). Non-debtor parties or their property are not protected. *Siskin*, 231 B.R. at 519. So, merely proceeding with the Foreclosure Action against Phiesta and other non-debtor defendants did not violate the stay.

Although Debtor was not a defending party to the Foreclosure Action, Ssquare Storage did proceed against the Property. Debtor resides at the Property and Ssquare Storage filed a motion to obtain possession of the Property during the Stay Period. With the transfer of the Property to Debtor during the Foreclosure Action, Debtor may have had the right of redemption to the Property as well.[26] These two interests of the Debtor—possession and redemption—would have been subject to the automatic stay. There is no dispute that Ssquare Storage knew the automatic stay was invoked and intended the actions to obtain the Property. As a result, Ssquare Storage did violate the automatic stay.

[26] Because Debtor obtained an interest in the Property after the filing of the Foreclosure Action and *lis pendens*, Debtor's interest is subject to and subordinate to any judgment entered in the foreclosure action. *See* Fla. Stat. § 48.23(1)(d) (2019). As a holder of a subordinate interest in the Property, Debtor had the right to redeem the Property before the filing of a certificate of sale. *See* Fla. Stat. § 45.0315.

Under these circumstances however, the Court declines to sanction Ssquare Storage. Debtor was still residing at the Property after the Stay Period, so damages, if any, appear nominal.[27] Nor does it appear that Debtor had the means to redeem the Property based on his bankruptcy papers,[28] and the Trustee has not indicated any interest in or value to Debtor's redemption interest in the Property, which would have been property of the estate. Punitive damages are not appropriate either. Debtor asserts he should be awarded $40,000 to $50,000 as damages for Ssquare Storage violating the automatic stay.[29] Debtor did provide how he obtained this amount as actual damages and refers to this amount as punitive damages as well. Debtor filed and proceeded with this case in bad faith. Debtor cannot receive the benefits of bankruptcy without honest intentions to comply with the bankruptcy process.

The Court will likewise annul the automatic stay with respect to the Property and any actions taken by Ssquare Storage or the Florida state courts during the Stay Period. Section 362(d) of the Bankruptcy Code permits bankruptcy courts in appropriate limited circumstances to annul or provide retroactive relief from the automatic stay. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). When determining whether the circumstances warrant annulment or retroactive relief from stay, courts have considered several factors including "(1) whether the creditor had actual or constructive knowledge of the bankruptcy filing, (2) whether the debtor acted in bad faith, (3) whether grounds would have existed for modification of the stay if a motion had been filed before the violation, (4) whether the denial of retroactive relief would result in unnecessary expense to the creditor, and (5) whether the creditor has detrimentally changed its position on the basis of the action taken." *In re Barr*, 318 B.R. 592, 598 (Bankr. M.D. Fla. 2004)

---

[27] Debtor confirmed at the hearing on May 26, 2026 that although the automatic stay had terminated, he was still residing at the Property.
[28] Doc. No. 16.
[29] Doc. No. 29.

(citing *In re Stockwell,* 262 B.R. 275, 281(Bankr. D. Vt. 2001)). Of these factors, a debtor's actions and lack of good faith are significant. *Barr*, 318 B.R. at 598 (citing *In re Webb*, 294 B.R. 850, 853 (Bankr. E.D. Ark. 2003)).

Considering these factors, annulment of the automatic stay is appropriate. Grounds existed for modification of the stay for cause, including Debtor's bad faith and lack of adequate protection of the Property. Ssquare Storage will incur additional litigation and court costs if the sale of the Property and subsequent actions in the Foreclosure Action are voided. Finally, Debtor filed and proceeded in this case in bad faith, a factor that weighs heavily in this analysis. For these reasons, the automatic stay will be annulled retroactively as of the bankruptcy filing date—April 9, 2026—respecting any and all actions taken by Ssquare Storage, the Florida state courts or any others, as to the Property and Debtor.

For clarity, the automatic stay did not void or have any effect on the sale of the Property, issuance of the Certificate of Sale, issuance of the Certificate of Title or any other actions taken in the Foreclosure Action. No automatic stay is in effect in this case. The Court will enter separate orders consistent with this memorandum opinion.

###

Clerk to serve.